```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JOSEPH J. ZAJAC, III,

                Plaintiff,

vs.                              Case No. 2:09-cv-284-FtM-29DNF

PAMELA J. TRUEBLOOD, also known as
Pamela J. Sullivan, also known as
Pamela J. Ford, also known as Pamela
J. Zajac,

                Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #26) filed on July 17, 2009. Plaintiff filed an Opposition to Defendant's Motion to Dismiss (Doc. #31) on July 24, 2009, along with an Affidavit in Support (Doc. #32). Also before the Court is plaintiff's Motion for Summary Judgment (Doc. #39), defendant's Opposition and Cross Motion for Summary Judgment (Doc. #42), with supporting documents (Docs. ## 43-45), plaintiff's Exhibits (Doc. #47), plaintiff's Opposition to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment (Doc. #49), and Affidavit in Support (Doc. #50).

The Court finds that the motion to dismiss is due to be granted. Therefore, the summary judgment motions will be denied as moot, and the extraneous exhibits submitted by both parties will not be considered.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id. Dismissal is also warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319,

326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

In light of plaintiff's *pro se* status, the Court takes all factual allegations in the Complaint (Doc. #1) as true, and liberally construes those allegations. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Plaintiff Joseph J. Zajac, III (plaintiff or Zajac) is a self-employed former software executive who was married to Pamela J. Trueblood, also known as Pamela J. Zajac (defendant or Trueblood). Plaintiff alleges that defendant committed assault and battery on him and his property in 2001 and 2002 in Florida, and the "attacks" were reported to the Lee County Sheriff's Office.

On May 1, 2004, in Bolton, Massachusetts, plaintiff was arrested as the result of defendant's "deliberate defamation" of "alleged domestic violence" by defendant, and his legally owned firearms were seized. (Id. at ¶¶ 11-12.) On May 3, 2004, plaintiff's gun license was suspended, and on August 5, 2004, plaintiff's license to carry was revoked based on the "false arrest and allegations of domestic abuse." Plaintiff asserts that defendant called the police in Massachusetts to have him arrested on a regular basis, claiming abuse and then demanding money, jewels, and a car from plaintiff. On July 3, 2005, defendant moved out of their residence, moved to Kentucky, and filed for divorce.

On May 10, 2006, plaintiff's license to carry a firearm in Massachusetts was again revoked based on the statements of defendant, and he was subjected to increased police scrutiny. On April 6, 2007, plaintiff and the Town of Bolton reached a settlement regarding the false accusations by defendant. On January 28, 2008, the Worcester Probate Court ruled that defendant was dangerous and had defamed plaintiff.

Meanwhile, on June 1, 2006, in Kentucky, defendant filed for Innocent Spouse relief with the Internal Revenue Service (IRS) for the 2003 tax year claiming abuse by plaintiff. Defendant took plaintiff's tax records and refused to return them causing plaintiff to have to recreate the records. On January 20, 2007, the IRS denied her Innocent Spouse claim.

Plaintiff has filed a three-count Complaint. In Count I, plaintiff alleges that defendant was acting under the "pretense of state law" in filing a false police report with the Town of Bolton Police Department, thereby violating his civil rights. In Count II, plaintiff alleges that defendant knowingly submitted a false Innocent Spouse claim to the IRS, in conspiracy with her attorney, committing perjury and causing damage to plaintiff. In Count III plaintiff alleges that defendant was acting under the "pretense of state law" when she conspired with her attorney and stepmother to defame him to the Clinton Police Department by fabricating evidence that led to the revocation of his license to carry a weapon. Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 and § 1343,

because he "asserts claims arising under the laws of the United States." (Doc. #1, ¶ 1.) Plaintiff's action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as the Second, Fourth, Fifth, Sixth Eighth, Ninth, Thirteenth and Fourteenth Amendments of the United States Constitution. (Id. at ¶ 4.)

### III.

Defendant argues that the court lacks both subject matter jurisdiction and personal jurisdiction. "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)(internal quotation and citations omitted). While there are certainly issues as to whether plaintiff has stated any valid federal cause of action, the Court finds that the claims are not so insubstantial as to divest the court of subject-matter jurisdiction.

"Personal jurisdiction, too, is an essential element of the jurisdiction of a district. . .court, without which the court is powerless to proceed to an adjudication." Ruhrgas, 526 U.S. at 584

(internal quotation and citations omitted). The Court's analytical process was recently summarized in <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, No. 08-10401, ___ F.3d ___, 2010 WL 743730, *3 (11th Cir. Mar. 5, 2010):

> We undertake a two-step inquiry to determine whether the exercise of personal jurisdiction over a nonresident defendant is proper. First, we determine whether the state's long-arm statute provides jurisdiction. <u>Internet Solutions Corp. v. Marshall</u>, 557 F.3d 1293, 1295 (11th Cir. 2009). Only where the long-arm statute provides jurisdiction do we proceed to the second step and determine whether "the defendant ha[s] minimum contacts with the forum state" and, if it does, whether the district court's exercise of jurisdiction over that defendant would "offend traditional notions of fair play and substantial justice." <u>Id.</u> at 1295-96 (citations omitted) (alteration in original).

Nothing in the Complaint sets forth any basis for personal jurisdiction over defendant as to any of the three counts. Two counts relate to conduct in Massachusetts, while one count relates to conduct in Kentucky. While defendant had previously lived in Florida, she left the state with plaintiff prior to any of the events which formed the bases for the counts and has not returned.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Dismiss (Doc. #26) is **GRANTED** and plaintiff's Complaint is dismissed without prejudice in its entirety for lack of personal jurisdiction over defendant. Defendant's Counterclaims (Doc. #41) are dismissed without prejudice. The Clerk shall enter judgment accordingly.

2. Plaintiff's Motion for Summary Judgment (Doc. #39), defendant's Cross Motion for Summary Judgment (Doc. #42), plaintiff's Motion to Strike (Doc. #51), and plaintiff's Motion for Sanctions (Doc. #53) are **DENIED** as moot.

3. The Clerk shall terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of March, 2010.

*[signature: John E. Steele]*
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record